J-S67019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA<br><br>Appellee<br><br>v.<br><br>RICARDO ALPHONSO PEOPLES<br><br>Appellant | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA<br><br><br><br><br><br><br><br>No. 424 WDA 2014 |

Appeal from the PCRA Order January 17, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0008708-1997

BEFORE:  DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY MUNDY, J.:                **FILED MARCH 31, 2016**

This case returns to this Court following remand from the Pennsylvania Supreme Court.  Specifically, on February 17, 2016, our Supreme Court granted the petition for allowance of appeal filed by Appellant, Ricardo Alphonso Peoples, vacated our previous order affirming the dismissal of Appellant's second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and remanded the case to us for further proceedings consistent with **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016).  After careful review, we reverse the PCRA court's order dismissing Appellant's PCRA petition and remand for resentencing.

_____

[*] Former Justice specially assigned to the Superior Court.

Relevant to this appeal, on February 4, 1999, the trial court imposed a mandatory sentence of life imprisonment without the possibility of parole after a jury found Appellant guilty of one count of first-degree murder and one count of second-degree murder,[1] committed when he was 17 years old.[2] Appellant's *pro se* amended second PCRA petition, which is the subject of this appeal, asserts that the United States Supreme Court's decision in **Miller v. Alabama**, 132 S. Ct. 2455 (2012), should be retroactively applied.[3] On January 17, 2014, the PCRA court dismissed the amended petition. On December 19, 2014, we affirmed the PCRA court's order. **Commonwealth v. Peoples**, 116 A.3d 694 (Pa. Super. 2014) (unpublished memorandum), *vacated*, --- A.3d ---, 2016 WL 634089 (Pa. 2016). Appellant filed a petition for allowance of appeal with our Supreme Court on

_____

[1] 18 Pa.C.S.A. § 2502(a) and 2502(b), respectively.

[2] This Court affirmed Appellant's judgment of sentence on July 28, 2000, and our Supreme Court denied his petition for allowance of appeal on January 18, 2001. **Commonwealth v. Peoples**, 761 A.2d 1238 (Pa. Super. 2000) (unpublished memorandum), *appeal denied*, 766 A.2d 1246 (Pa. 2001). Thereafter, Appellant filed a timely PCRA petition on December 11, 2001. The PCRA court dismissed the petition on August 13, 2002, and this Court affirmed on August 11, 2003. **Commonwealth v. Peoples**, 833 A.2d 1148 (Pa. Super. 2003) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

[3] Appellant's amended petition sought relief pursuant to the writ of *habeas corpus*. However, because the issue raised therein implicated the legality of his sentence, it is cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(i), (vii) (recognizing constitutional violations concerning the legality of a sentence are encompassed within the PCRA).

March 23, 2015. While that petition was pending, on January 25, 2016, the United States Supreme Court announced its decision in **Montgomery**, holding that **Miller**'s prohibition on mandatory life imprisonment without the possibility of parole for juvenile offenders was a new substantive rule that, under the Constitution, must be retroactive in cases on state collateral review. **Montgomery**, **supra** at 732. Accordingly, our Supreme Court vacated our prior order and remanded this case to us. Moreover, this Court, in **Commonwealth v. Secreti**, --- A.3d ---, 2016 WL 513341 (Pa. Super. 2016), has held that **Miller** and **Montgomery** afford relief to petitioners whose PCRA petitions based on **Miller** were on appeal when **Montgomery** was announced. **Secreti**, **supra** at *5.

Based on the foregoing, Appellant is entitled to PCRA relief from his unconstitutional sentence of mandatory life imprisonment without parole. **See Miller**, **supra** at 2464; **Montgomery**, **supra**; **Secreti**, **supra**. Accordingly, we reverse the PCRA court's January 17, 2014 order dismissing Appellant's PCRA petition, vacate Appellant's judgment of sentence, and remand for resentencing in accordance with **Miller** and **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013).

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Donohue did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/31/2016